# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| ADELSO BARNES, | ) |
| --- | --- |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 19-CV-0097-JED-FHM |
| JANET DOWLING, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner Adelso Barnes, a state inmate appearing *pro se*, brings this 28 U.S.C. § 2254 habeas corpus action to challenge the constitutional validity of the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2009-5867. In that case, Petitioner pleaded guilty to second degree felony murder, first degree burglary, robbery with a dangerous weapon, and knowingly concealing or receiving stolen property. In accordance with the negotiated plea agreement, the trial court imposed prison terms of 35 years, 20 years, 35 years, and 5 years, with all sentences to be served concurrently. Before the Court is Respondent's motion (Doc. 7) to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Respondent filed a brief in support of the motion (Doc. 8), and Petitioner filed a response (Doc. 9). On consideration of the parties' briefs and the case materials, the Court grants Respondent's motion and dismisses the petition for writ of habeas corpus, with prejudice, as time-barred.

**I.**

On February 28, 2011, in the District Court of Tulsa County, Case No. CF-2009-5867, Petitioner, represented by counsel, entered negotiated pleas of guilty to second degree felony

murder, in violation of OKLA. STAT. tit. 21, § 701.8 (Count 2);[1] first degree burglary, in violation of OKLA. STAT. tit. 21, § 1431 (Count 3); robbery with a dangerous weapon, in violation of OKLA. STAT. tit. 21, § 801 (Count 4); and knowingly concealing or receiving stolen property, in violation of OKLA. STAT. tit. 21, § 1713 (Count 5). Doc. 1, at 1-2; Doc. 1-1, at 93-100; Doc. 8-6, at 2.[2] That same day, the trial court accepted his pleas, adjudged him guilty, and, in accordance with the plea agreement, imposed prison terms of 35 years, 20 years, 35 years, and 5 years, with all sentences to be served concurrently. Doc. 1-1, at 96-97; Doc. 8-6, at 2. The trial court advised Petitioner of his appeal rights, and Petitioner indicated on his written plea form that he understood those rights. Doc. 1-1, at 98; Doc. 8-6, at 2, 4. Petitioner did not move to withdraw his pleas within 10 days of sentencing or otherwise pursue a timely certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA). Doc. 1, at 2; Doc. 8-6, at 2.

Ten months after his sentencing, on December 29, 2011, Petitioner filed a motion for judicial review, pursuant to OKLA. STAT. tit. 22, § 982a, asking the state district court to reduce his sentence. Doc. 8-2, at 1-6. The court denied the motion on January 6, 2012. Doc. 8-3, at 1.[3] Petitioner filed a motion for suspended sentence on May 9, 2013, pursuant to OKLA. STAT. tit. 22, § 994, citing his status as a first-time offender and prison overcrowding and asking the state district court to suspend his sentence. Doc. 8-4, at 1. The court denied that motion on June 21, 2013. Doc. 8-5, at 1.

---

[1] The State initially charged Petitioner in Count 2 with first degree felony murder, in violation of OKLA. STAT. tit. 21, § 701.7, but the State orally amended the charge to second degree felony murder as part of the plea agreement. Doc. 8-6, at 2 n.1.

[2] Throughout this opinion, the Court's record citations refer to the CM/ECF header page numbers found in the upper right-hand corner of each document.

[3] The state district court's letter denying the motion for judicial review is dated January 5, 2012, but was filed January 6, 2012. Doc. 8-3, at 1.

Just over four years later, on July 13, 2017, Petitioner filed an application for postconviction relief in state district court, pursuant to OKLA. STAT. tit. 22, § 1080, and submitted several supporting documents and affidavits. Doc. 1-1, at 17-179. Petitioner styled his application as one seeking: postconviction relief, an appeal out of time, to withdraw his guilty pleas out of time, an evidentiary hearing, a resentencing hearing, and "to strike information CF-2009-5867 [as] a nullity." *Id.* at 18. By order filed October 24, 2017, the state district court denied his application. Doc. 8-6, at 1-10. In doing so, the court construed the application as raising five propositions:

> I. Ineffective assistance of counsel resulted in an unknowing, unintelligent, and so very not voluntary guilty plea being entered.
>
> II. Petitioner did not receive any attorney so that he could make an "informed decision" about an appeal and was uninformed about his appeal rights, and requests this [c]ourt to withdraw his pleas of guilty out of time.
>
> III. Newly discovered evidence shows that the factual basis for Petitioner's pleas is insufficient.
>
> IV. Petitioner deserves to demonstrate that he belongs in the protected class of offenders who committed their crimes due to transient immaturity and impetuosity because their brains had not yet developed and therein are not as culpable as an adult.
>
> V. Petitioner makes motion to strike the Information as a nullity (void on its face).

Doc. 8-6, at 2-3. The state district court treated Petitioner's second proposition as a request for a recommendation to file an appeal out of time and denied that request. *Id.* at 3-4. The court found (1) the record demonstrated Petitioner was advised of his appeal rights, (2) the record contradicted Petitioner's "claim that he had no access to an attorney to be able to file a motion to withdraw his pleas of guilty had he indicated he wished to do so," and (3) Petitioner "failed to allege any specific facts that support that he attempted to communicate with his attorney" regarding a desire to appeal. Doc. 8-6, at 4. Thus, the court concluded, Petitioner "fail[ed] to provide a sufficient reason for his failure to perfect an appeal." *Id.* The court further found that Petitioner was not entitled to

3

postconviction relief because his "propositions could have been raised within a petition for writ of *certiorari* following the denial of an application to withdraw plea, and [were] thus waived." *Id.* at 5. Alternatively, the court found that Petitioner's third and fourth propositions lacked merit. *Id.* at 6-8. As to the third proposition, the court found Petitioner "failed to demonstrate how the factual basis for the plea and the circumstances underlying the crime could not have been discovered before trial with due diligence." Doc. 8-6, at 6-7. As to the fourth proposition, the court found Petitioner was not entitled to relief because he was "eighteen years of age when he committed [his] crimes, and he was not sentenced to life without the possibility of parole." *Id.* at 7-8. Finally, the court denied Petitioner's requests for counsel and an evidentiary hearing. *Id.* at 8.

Petitioner filed a timely postconviction appeal. Doc. 1-1, at 215-36. In an order filed March 13, 2018, in Case No. PC-2017-1106, the OCCA affirmed the order denying postconviction relief and denying Petitioner's request for leave to file an appeal out of time. Doc. 8-7, at 1-6. The OCCA found that Petitioner "provid[ed] no facts or supporting evidence indicating that he sought and was denied counsel, that he expressed an interest in contacting counsel to facilitate an appeal and the request was ignored, or that he expressed any desire, prior to the filing of [his] request for post-conviction relief, to withdraw his guilty plea." *Id.* at 2. Like the state district court, the OCCA found Petitioner's "claims of newly discovered evidence and entitlement to treatment status in some category other than an adult . . . to be without merit." *Id.* at 4-5.

Petitioner filed the instant federal habeas petition (Doc. 1) on February 21, 2019,[4] along with supporting documents (Doc. 1-1). In the petition, he identifies two specific grounds for federal habeas relief:

> I. The information filed by the [S]tate violated the Double Jeopardy Clause of the Sixth Amendment because it resulted in multiple convictions and sentences for one single impulse and crime.
>
> II. The plea wasn't a knowing, intelligent, and deliberate choice, and there isn't a factual basis and understanding that makes the plea questioned and the verdict suspect.

Doc. 1, at 12, 14.[5]

Respondent contends the habeas petition should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1)(A) because Petitioner failed to file the petition within one year of the date his

---

[4] The Clerk of Court received the federal habeas petition on February 21, 2019. Doc. 1, at 1. The petition includes a "certificate of mailing" indicating that Petitioner deposited the petition "in the U.S. Mail, first class postage prepaid" on February 8, 2019. *Id.* at 23. Without more, this statement does not reflect that Petitioner used his facility's legal mailing system and thus is not sufficient to invoke the prison mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005) ("[A]n inmate seeking to take advantage of the mailbox rule must use the prison's legal mail tracking system where one is in place."); Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* ("If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of [the prison mailbox] rule."); Fed. R. App. P. 4(c) (providing requirements for compliance with prison mailbox rule in context of filing appeal). Moreover, while the certificate of mailing indicates the petition was placed in the U.S. Mail on February 8, 2019, a letter included in the same packet as the petition is dated February 12, 2019, and the envelope that contained the letter and the petition is postmarked February 19, 2019. Under these circumstances, the Court declines to apply the prison mailbox rule. And, as further discussed below, even if the Court generously applied the rule, a filing date of February 8, 2019, would not aid Petitioner in showing that he timely filed his federal habeas petition.

[5] These are the two claims Petitioner clearly identifies in his habeas petition. Because Petitioner appears *pro se*, the Court must liberally construe his petition without becoming an advocate on his behalf. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Applying the rule of liberal construction, Petitioner also appears to allege violations of his rights to due process and equal protection, the evidence is insufficient to support his convictions, he did not receive a fair trial by an impartial tribunal, the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to turn over exculpatory evidence, and he received ineffective assistance of trial counsel. Doc. 1, generally.

conviction became final, even with the benefit statutory tolling under 28 U.S.C. § 2244(d)(2), and Petitioner has not demonstrated any circumstances that would support equitable tolling of the one-year limitation period. Doc. 8, at 3-10.

Petitioner contends his petition cannot be time-barred because (1) he alleges a *Brady* claim arising from the prosecutor's failure to disclose exculpatory evidence, (2) the *Menna-Blackledge* doctrine permits him to bring his double-jeopardy claim, and any other challenges to the trial court's subject matter jurisdiction "at any time," and (3) he is entitled to equitable tolling because his trial counsel's ineffectiveness constitutes "cause and prejudice" for his failure to comply with state procedural rules. Doc. 1, at 14, 21; Doc. 9, at 1-11.

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in April 1996, imposes a one-year limitation period for a state prisoner seeking federal habeas relief from a state-court judgment. 28 U.S.C. § 2244(d)(1). Generally, that limitation period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Under some circumstances, the one-year limitation period may commence on a later date. *Id.* § 2244(d)(1)(B), (C), (D). Regardless of when the one-year limitation period commences, that period is tolled by statute for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Because the AEDPA's one-year limitation period is not jurisdictional, federal courts have discretion to toll the limitation period for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), and to excuse non-compliance with the statute of limitations if the prisoner makes "a credible showing of actual

innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

## A. The petition is untimely under § 2244(d)(1)(A).

Respondent contends, and Petitioner concedes, that the habeas petition is untimely under § 2244(d)(1)(A). Doc. 1, at 14, 21; Doc. 8, at 1-3. The Court agrees. Because Petitioner did not move to withdraw his pleas within 10 days of his February 28, 2011 sentencing hearing or otherwise pursue a timely certiorari appeal, and did not obtain leave to file an out of time appeal, his conviction became final on March 10, 2011, ten days after sentencing. *See Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (discussing Oklahoma law); *see also Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (holding that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief," the state-court judgment does not become final under § 2244(d)(1)(A) until "the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal"). Applying § 2244(d)(1)(A), Petitioner therefore had until March 12, 2012, to file a timely federal habeas petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (discussing calculation of AEDPA's one-year limitation period).[6] He did not file his federal habeas petition until February 21, 2019, nearly seven years after the filing deadline.

And, as Respondent contends, statutory tolling does not render the petition timely. As previously stated, the one-year limitation period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[6] Petitioner's one-year limitation period commenced on March 11, 2011, the day after his conviction became final, and expired on March 11, 2012. *See Harris*, 642 F.3d at 907 n.6. However, because March 11, 2012, fell on a Sunday, Petitioner had until the following Monday, March 12, 2012, to file a timely federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed a motion for judicial review within the one-year period. *See Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). But that motion was pending for only nine days because Petitioner filed it on December 29, 2011, and the state district court denied it on January 5, 2012. Doc. 8-2, at 1; Doc. 8-3, at 1. This extended Petitioner's deadline for filing a timely federal habeas petition to March 21, 2012. And neither the motion for suspended sentence Petitioner filed on May 9, 2013, nor the application for postconviction relief he filed on July 13, 2017, had any tolling effect because Petitioner filed both after his one-year limitation period expired. *See Clark*, 468 F.3d at 714. As a result, even with the benefit of statutory tolling, Petitioner's federal habeas petition, filed on February 21, 2019, is untimely under § 2244(d)(1)(A).

Absent a later commencement date or a basis for equitable tolling, the habeas petition is time-barred.

**B.      The petition is untimely under § 2244(d)(1)(D).**

Generously construing Petitioner's arguments in his petition and response, Petitioner may be seeking a later commencement date under 28 U.S.C. § 2244(d)(1)(D). Under that provision, the one-year limitation period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner contends his one-year limitation period commenced on April 27, 2017, when "these claims and the facts and information that trigger them . . . [were] revealed post-trial when the girlfriend of Barnes, Precious Isaac, found and mailed [to Petitioner] the OCCA Opinion of *Sulvetta v. State*, No. F. 2011-591." Doc. 1, at 14. In context, Petitioner seems to allege that he discovered new "facts and information" in April 2017, relating to his claim that his guilty pleas

were not knowing and voluntary and that there is no factual basis for his guilty pleas. *Id.* at 14-16. But it is clear from the record that Sulvetta was Petitioner's co-defendant and that the OCCA issued its decision affirming her convictions in March 2013. Doc. 1-1, at 101-10. The Court finds it highly doubtful that Petitioner could not have, with reasonable diligence, discovered the *Sulvetta* opinion or the "facts and information" therein before April 2017.

Nevertheless, accepting for the sake of argument that § 2244(d)(1)(D) applies and that Petitioner's one-year period commenced on April 27, 2017, Petitioner would be eligible for statutory tolling of that one-year period for 78 days—between July 13, 2017, when he filed his application for postconviction relief in state district court, and March 13, 2018, when the OCCA affirmed the denial of postconviction relief. *See* 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714. Beginning the next day, March 14, 2018, Petitioner would have had 287 days, or until December 26, 2018,[7] to file a timely federal habeas petition. As discussed, Petitioner did not file his habeas petition until February 21, 2019. Thus, even assuming the one-year period commenced at a later date under § 2244(d)(1)(D), and giving Petitioner the benefit of statutory tolling for that one-year limitation period, Petitioner filed his habeas petition 58 days too late.[8]

Thus, to the extent Petitioner seeks application of § 2244(d)(1)(D), his habeas petition is untimely.

C.    **The nature of Petitioner's habeas claims does not bar application of § 2244(d)(1).**

Next, Petitioner contends that § 2244(d)(1)'s one-year statute of limitations does not apply

---

[7] Because the last day to file his petition would have fallen on December 25, 2018, the Court calculates the filing deadline as December 26, 2018. *See* Fed. R. Civ. P. 6(a)(1)(C).

[8] The Court previously concluded it would not apply the prison mailbox rule to deem the habeas petition filed on February 8, 2019. *See supra* n. 4. But even if the Court did apply the prison mailbox rule, the habeas petition would still be untimely by 45 days.

to his habeas petition based on the nature of his claims. In his petition, he specifically asserts that the one-year limitation period "does not apply" because he raises "two issues of law which can NEVER BE WAIVED and can be raised and argued in the initial collateral proceeding: (1) Failure to show jurisdiction (subject or venue) and (2) Failure to charge an offense . . . and also, . . . the State's failure to meet evidencing the material essential elements required at best." Doc. 1, at 5. Though not clear, these assertions appear to refer to Petitioner's double-jeopardy claim, which he alleges implicates the trial court's subject-matter jurisdiction, and his claim that there is no factual basis to support his guilty pleas. *Id.* at 12-14. To support his position, Petitioner cites the *Menna-Blackledge* doctrine and *Class v. United States*, 138 S. Ct. 798 (2018). *Id.* at 4-5, 12, 21-22. In his response, Petitioner further asserts that the statute of limitations does not apply because he raises a *Brady* claim. Doc. 9, at 1-5.

For two reasons, the Court rejects Petitioner's argument that the AEDPA's statute of limitations does not apply. First, contrary to his contention, there is no time-bar exception for double-jeopardy claims. As a general rule, "a voluntarily and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *United States v. Broce*, 488 U.S. 563, 574 (1989) (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)). As Petitioner contends, there are exceptions to this general rule. Under the *Menna-Blackledge* doctrine, "a plea of guilty to a charge does not waive a claim that—*judged on its face*—the charge is one which the State may not constitutionally prosecute." *Broce*, 488 U.S. at 575 (emphasis in original) (quoting *Menna*, 423 U.S. at 62). In *Class*, the Supreme Court considered "whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." 138 S. Ct. at 803. The Court held that it did not. *Id.* In reaching that holding, the Supreme Court stated that it "reaffirmed the

10

*Menna-Blackledge* doctrine and refined its scope" in *Broce* where it "repeated that a guilty plea does not bar a claim on appeal 'where on the face of the record the court had no power to enter the conviction or impose the sentence.'" *Class*, 138 S. Ct. at 804 (quoting *Broce*, 488 U.S. at 569). Nonetheless, to the extent Petitioner relies on *Class*, *Broce*, or the *Menna-Blackledge* doctrine to support his contention that the AEDPA one-year limitation period does not apply to double-jeopardy claims, that reliance is misplaced. These cases hold that a guilty plea does not, in and of itself, preclude a criminal defendant from raising certain constitutional claims to collaterally attack his or her convictions. *See, e.g.*, *Class*, 138 S. Ct. at 803-07. But none of these cases required the Supreme Court to determine whether a habeas petitioner's claims challenging the constitutional validity of a state-court judgment entered following a guilty plea were, or could be, barred by § 2244(d)(1)'s statute of limitations. In *Blackledge*, the Supreme Court considered whether a state prisoner's guilty plea barred him from raising constitutional claims in a federal habeas proceeding. 417 U.S. at 29-32. But that case was decided in 1974, over 20 years before Congress enacted the AEDPA's statute of limitations in 1996. *See* 28 U.S.C. § 2244(d)(1); *Blackledge*, 417 U.S. at 21. Like Petitioner, the defendant in *Menna* challenged a state-court judgment, but he did so by seeking direct review in state court and direct review of the state court's decision in the United States Supreme Court, not by seeking federal habeas relief under § 2254. *See Menna*, 423 U.S. at 62. Finally, both *Broce* and *Class* involved double-jeopardy claims raised by federal prisoners, either on direct appeal (*Class*) or through a Fed. R. Crim. P. 35(a) motion to vacate sentence (*Broce*). *See Class*, 138 S. Ct. at 802-03; *Broce*, 488 U.S. at 565-69. In short, none of the authorities Petitioner relies on to argue that double-jeopardy claims are not subject to the AEDPA's one-year limitation period support that argument.

Second, to the extent Petitioner argues the time bar does not apply to *Brady* claims or

claims implicating a state trial court's subject matter jurisdiction, Petitioner's position is contrary to Tenth Circuit precedent and prior rulings of the federal district courts in this circuit. *See Morales v. Jones*, 417 F. App'x. 746, 749 (10th Cir. 2011) (unpublished) (rejecting habeas petitioner's argument that "subject matter jurisdiction can never be waived and therefore he can never be barred from raising the issue" as "without support in the law" and concluding that "[a]s with any other habeas claim, [a claim that the trial court lacked subject matter jurisdiction] is subject to dismissal for untimeliness"); *Murrell v. Allbaugh*, No. 18-CV-0341-JHP-FHM, 2019 WL 2130144, at *5 (N.D. Okla. 2019) (unpublished) (citing *Morales* and rejecting habeas petitioner's argument that "ALL jurisdictional issues can NEVER be forfeited or waived & MUST be addressed on their merits always"), *certificate of appealability denied sub nom. Murrell v. Crow*, No. 19-5051, 2019 WL 5405940 (10th Cir. Oct. 22, 2019) (unpublished); *McIntosh v. Hunter*, No. CIV-16-460-RAW-KEW, 2017 WL 3598514, at *3 (E.D. Okla. 2017) (unpublished) (citing *Morales* and rejecting habeas petitioner's argument that jurisdictional claim is not subject to AEDPA's time-bar); *Lockett v. Rudek*, No. CIV-11-184-R, 2011 WL 2634216, at *2 (W.D. Okla. 2011) ("There is no exception in 28 U.S.C. § 2244(d)(1)(A) for a habeas claim based on a trial court's alleged lack of subject matter jurisdiction, nor does [p]etitioner cite any federal case law which recognizes such exception."); *Walker v. Calbone*, No. 06-CV-294-TCK-SAJ, 2007 WL 845926, at *3 (N.D. Okla. 2007) ("Neither 28 U.S.C. § 2244(d) nor federal case law makes such an exception for jurisdictional issues arising under state law."). Though these unpublished decisions are not binding on this Court, the Court finds them persuasive and adopts their reasoning here to reject Petitioner's contention that the nature of his claims bars application of the AEDPA's one-year statute of limitations.

**D.      Petitioner has not demonstrated any circumstances warranting equitable tolling.**

Finally, Petitioner contends he can establish "cause and prejudice" to overcome his failure to comply with state procedural rules because his trial counsel abandoned him after sentencing and prevented him from making an informed decision as to filing an appeal. Doc. 1, at 5-8, 16-17, 21; Doc. 9, at 1-2, 6-11. Given Petitioner's pro se status, the Court construes Petitioner's argument as one seeking equitable tolling based on attorney misconduct.[9]

To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" and requires the prisoner "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). While equitable tolling is available to permit review of untimely habeas claims, it "is a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang*, 525 F.3d at 929).

Petitioner appears to seek equitable tolling on the basis of attorney misconduct. In some cases, an attorney's conduct, if sufficiently egregious, may support tolling of the AEDPA's one-

---

[9] In both his petition and response, Petitioner argues, and cites relevant authority, to support his position that he can establish "cause and prejudice" to overcome the procedural default of his habeas claims in state court—i.e., his failure to comply with state procedural rules for moving to withdraw his pleas and seek direct appellate review. *See* Docs. 1, 9. But those arguments are not relevant to the question before this Court. Respondent moves for dismissal of the habeas petition on the basis that Petitioner failed to comply with the AEDPA's statute of limitations—a federal procedural rule, not a state procedural rule. Docs. 7, 8. Petitioner's arguments regarding "cause and prejudice" are thus premature unless and until he can make the showings necessary to overcome the time-bar. And as discussed below, even construing his "cause and prejudice" argument as one seeking equitable tolling, he cannot make the necessary showings.

year limitation period. *Holland*, 560 U.S. at 651; *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). But the circumstances in *Holland* and *Fleming* were quite different than those here. In *Holland*, the habeas petitioner alleged his attorney committed misconduct by failing to file a timely federal habeas petition, the task he was expressly retained to perform, despite the petitioner's repeated and consistent communications with the attorney regarding the filing deadline. 560 U.S. at 652-54. Similarly, in *Fleming*, the habeas petitioner alleged the attorney he retained to assist him in seeking state postconviction relief misled him into believing the attorney was actively pursuing legal remedies in state court when the attorney was not and thus prevented him from filing a timely federal habeas petition. 481 F.3d at 1255-57. Here, in contrast, Petitioner alleges his trial counsel performed deficiently before, during and immediately after Petitioner's plea hearing. Specifically, he claims counsel failed to investigate the facts of his case, deficiently permitted Plaintiff to plead guilty to felony murder and the underlying felony, and abandoned him "during the critical ten day appellate window" in which he could have filed a motion to withdraw his plea thereby depriving him of his opportunity to file a direct appeal. Doc. 1, at 5-9, 14-17, 19-20; Doc. 9, at 6-11. Absent from his petition and response though are any allegations that trial counsel's conduct, either before or immediately after the February 2011 plea hearing, prevented Petitioner from filing a federal habeas petition before his one-year deadline expired on March 21, 2012. Thus, even assuming trial counsel's conduct was sufficiently egregious and prejudicial in that it caused Petitioner to default his federal claims in state court, Petitioner cannot demonstrate that trial counsel's conduct prevented him from complying with § 2244(d)(1)'s one-year statute of limitations.

Moreover, even if he could rely on trial counsel's conduct as an "extraordinary circumstance" that prevented him from filing a timely habeas petition, Petitioner has not shown

that he diligently pursued his habeas claims. As previously discussed, Petitioner sought collateral review on only one occasion during the one-year period after his conviction became final. And, on that occasion, Petitioner's request singularly sought a reduced sentence. Doc. 8-2, at 1-6. Just over one year after his AEDPA deadline expired, Petitioner filed a motion requesting modification of his sentence on the bases that he was a first-time offender and his prison facility was overcrowded. Doc. 8-4, at 1. Petitioner first presented his federal habeas claims in state court when he filed his application for postconviction relief in July 2017, more than six years after his conviction became final. Doc. 1-1, at 17. On this record, the Court cannot find that Petitioner diligently pursued his federal habeas claims.

Based on the foregoing, Petitioner cannot make the showings necessary to support equitable tolling of the one-year limitation period.[10]

### III.

Under 28 U.S.C. § 2244(d)(1)(A) Petitioner's one-year limitation period commenced on March 12, 2011, and, even with the benefit of statutory tolling, expired on March 21, 2012. Further, generously assuming 28 U.S.C. § 2244(d)(1)(D) applies and Petitioner's one-year limitation period instead commenced on April 17, 2017, his petition remains untimely, even with the benefit of statutory tolling for the period his application for postconviction relief was pending in state court. And, Petitioner has not identified any circumstances warranting equitable tolling of either one-year limitation period. The Court therefore grants Respondent's motion, and dismisses the petition for writ of habeas corpus, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1).

---

[10] Petitioner also alleges the trial court "failed to ensure that [he] is guilty in fact." Doc. 9, at 9. Even liberally construed, the Court does not read this bare assertion as alleging, much less demonstrating, that Petitioner's untimely filing could be excused through a credible claim that he is actually innocent. *See Perkins*, 569 U.S. at 386, 392 (discussing actual-innocence exception to the AEDPA's statute of limitations).

Based on the dismissal, the Court denies as moot Petitioner's requests for an evidentiary hearing and appointment of counsel.

## IV.

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner may obtain a certificate of appealability only by showing both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under the circumstances of this case, reasonable jurists might debate whether the petition states any valid constitutional claims. Nonetheless, the Court finds reasonable jurists would not debate its conclusion that the petition is time-barred under 28 U.S.C. § 2244(d)(1) or its conclusion that Petitioner's circumstances do not warrant equitable tolling. The Court therefore declines to issue a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Doc. 7) is **granted**.
2. The petition for writ of habeas corpus (Doc. 1) is **dismissed with prejudice** as time-barred.
3. Petitioner's requests for an evidentiary hearing and appointment of counsel are **denied** as moot.
4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

ORDERED this 4th day of November, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT